UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY ROBINSON,

   Plaintiff,

   vs.                                                                No. 06-1210

WILLIAM BOYD, et. al.,

   Defendants

## ORDER

This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

The plaintiff has filed his lawsuit pursuant to 42 U.S.C. §1983 against Pontiac Correctional Center Counselor Randal Flex. The plaintiff says the defendant violated his Fourteenth Amendment due process rights.

Specifically, the plaintiff says on March 25, 2006, Officer Richard Gilbert wrote a false disciplinary ticket against the plaintiff charging him with insolence, disobeying a direct order and violation of rules. The plaintiff says he appeared before the disciplinary committee on March 31, 2006 and Defendant Flex was the chairperson. The plaintiff says he plead not guilty and submitted a written statement as well as a statement from another inmate. Nonetheless, the plaintiff says he was found guilty of insolence and disobeying a direct order.

The plaintiff says he was not provided a written statement of the reason for the decision and had to ask for a copy of the disciplinary hearing report from another correctional employee. He says the report does not provide what evidence the defendant relied on for his decision. The plaintiff says the decision was not based on any evidence nor was there a required statement of the evidence relied upon for the decision.

The plaintiff has attached a copy of the disciplinary report written by Officer Gilbert. The report states that the officer told the plaintiff to turn his television down. He claims Robinson responded by stating, "go get a donut you pig."(Comp, Ex. 1) The officer says he left and came back ten minutes later and the plaintiff had his radio turned up. The officer says he ordered Robinson to cuff up, but he refused.

The plaintiff has also attached the Final Summary Report from his disciplinary hearing. The record of the proceedings states that the plaintiff plead not guilty and said he was wearing his headphones and his television was not turned up loud. The committee also read the statement for an inmate witness. The witness statement does not have much information concerning the incident with Officer Gilbert and the plaintiff. The inmate simply says that the officer told Robinson to turn his radio down and Robinson said he did not have a radio.

The basis for the decision states that "based on the observation of the reporting employee; and positive ID of offender by gallery chart, the offender is found guilty." (Comp, Ex. 2). The discipline imposed was a "verbal reprimand." *Id*.

The plaintiff then filed a grievance stating that the disciplinary ticket was not correct and that he does not even own a radio. The counselor confirmed that the plaintiff did not have a radio and recommended that the plaintiff's ticket be expunged. The plaintiff has provided evidence that his ticket was later expunged.

The plaintiff's claim fails to allege a violation of his due process rights. The plaintiff apparently relies on the due process requirements for prison disciplinary proceedings under *Wolff v. McDonnell*, 418 U.S. 539 (1974), which include a "written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action." *Id*. at 564. However, the plaintiff cannot invoke the *Wolff* requirements because he has not taken the first step in stating a procedural due process claim. "To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself." *DeWalt v. Young*, 224 F.3d 607, 613 (7th Cir. 2000)(citations omitted). "[A]ny actions that resulted merely in a reprimand and thus amounted to no deprivation at all obviously did not affect any protected interest." *Stewart v. McGinnis,* 800 F.Supp. 604, 619 (N.D. Ill. 1992).

**IT IS THEREFORE ORDERED that:**

**1) This case is dismissed in its entirety, without prejudice, pursuant to 28 U.S.C. §1915A(b), for failure to state a claim upon which relief can be granted.**

**2) This dismissal counts as a strike against the Plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk is directed to record the strike against the plaintiff.**

**3) The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding**

monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory appeal fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.

4) The plaintiff is responsible for ensuring the $350.00 filing fee is paid to the clerk of the court even though his case has been dismissed.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.

5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

Entered this 12th day of December, 2006.

s\Harold A. Baker

_____

HAROLD A. BAKER

UNITED STATES DISTRICT JUDGE